# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE NAPIER,<br>    Plaintiff,<br>v.<br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br>    Defendant. | NO. EDCV 14-1886-KLS<br><br>MEMORANDUM OPINION AND ORDER |

## INTRODUCTION

Plaintiff filed a Complaint on September 19, 2014, seeking review of the denial of her application for disability insurance ("DIB") and Supplemental Security Income ("SSI") benefits. On August 27, 2015, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 22-24.) On September 11, 2015, the parties filed a Joint Stipulation ("Joint Stip.") in which plaintiff seeks an order reversing the Commissioner's decision and either ordering the payment of benefits or remanding the matter for further administrative proceedings. (Joint Stip. at 26.) The Commissioner requests that the ALJ's decision be affirmed or, in the alternative,

remanded for further proceedings. (*See id.* at 26-27.) The Court has taken the matter under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On November 28, 2011 and January 20, 2012, plaintiff, who was born on January 18, 1965,[1] protectively filed applications for DIB and SSI respectively. (Administrative Record ("A.R.") 182-85, 186-91.) Plaintiff alleged disability commencing July 24, 2010, due to fibromyalgia, carpal tunnel, lumbar spine impairment, severe back pain, and peripheral neuropathy. (*Id.* 210.) Plaintiff previously worked as an in-home care provider and floor maintenance worker. (*See id.* 17, 46-47, 211.) The Commissioner denied plaintiff's applications initially (*id.* 95-96) and on reconsideration (*id.*116-17). On August 27, 2012, plaintiff requested a hearing. (*Id.* 134.) On February 21, 2013, Administrative Law Judge James P. Nguyen ("ALJ") held a hearing at which plaintiff, who appeared with counsel, and David Rinehart, a vocational expert ("VE"), testified. (*Id.* 24-54.) On April 25, 2013, the ALJ issued an unfavorable decision, denying plaintiff's claims for DIB and SSI. (*Id.* 11-19.) On July 14, 2014, the Appeals Council denied plaintiff's request for review. (*Id.* 1-3.)

## SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found that plaintiff met the insured status requirements of the Social Security Act through September 30, 2014 and had not engaged in substantial gainful activity from the alleged onset date of July 24, 2010. (A.R. 13.) The ALJ further found that plaintiff had the following severe impairments: "fibromyalgia, bilateral carpal tunnel syndrome, distal polyneuropathy, cervical degenerative disc disease with disc space narrowing and osteophyte formation at two levels, lumbar degenerative disc disease with stenosis, chronic pain

---

[1] On the alleged onset date, plaintiff was 45 years old and thus a "younger person" under agency regulations. *See* 20 C.F.R. §§ 404.1563, 416.963. This year, she became a "person closely approaching advanced age." *See id.*

syndrome due to her spinal condition, and mild obesity." (*Id.* 14.) The ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). (*Id.* 15) The ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform "light work" except as follows: "[S]he is limited to occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, and crawling. She can use her lower extremities for occasional pushing and pulling. She can use her hands for occasional handling and fingering. She must avoid working around unprotected heights and uneven terrain. She is precluded from climbing ladders, ropes, and scaffolds." (*Id.*) The ALJ found that plaintiff was unable to perform her past relevant work but, in the light of the VE's testimony and plaintiff's age, education, work experience, and RFC, was able to perform work that exists in significant numbers in the national economy, such as the jobs of usher (DOT 344.677-014), counter clerk (DOT 249.366-010), and call out operator (DOT 237.367-014). (*Id.* 17-18.) Accordingly, the ALJ determined that plaintiff had not been under a disability between the alleged onset date and the date of the ALJ's decision. (*Id.* 19.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

3

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 798 F.3d 749, 754 (9th Cir. 2015) (internal citations omitted).

.

**DISCUSSION**

Plaintiff alleges the following two errors: (1) the ALJ failed to properly develop the record with respect to tests and MRIs ordered by plaintiff's treating physician and referrals for physical therapy, pain management, and epidural injections; and (2) the ALJ improperly assessed the credibility of plaintiff's subjective symptom testimony. (Joint Stip. 3-8, 15-22.) For ease of discussion, the Court first considers whether the ALJ adequately supported his adverse credibility determination.

\\
\\

**I.     The ALJ Improperly Evaluated Plaintiff's Credibility.**

Plaintiff contends that the ALJ improperly evaluated the credibility of plaintiff's subjective symptom testimony. Plaintiff testified at the hearing that she: "can cook, but can't cut" (A.R. 30); can wash clothes and fold them if taking breaks (*id.*); drives twice a week to the store (*id.*); suffers "tenderness" all over from her fibromyalgia, making it painful to brush her hair (*id.* 34); experiences "burning, pins and needles, swelling" in her hands and feet, making it painful for her to stand, walk, or sit (*id.* 36); has a constant headache all the time (*id.* 39); can sit, stand, or walk for about 15 minutes (*id.* 40-41); and is unable to lift 10 lbs (*id.* 37). Plaintiff also completed an Exertion Questionnaire on February 27, 2012, in which she stated that she: has difficulty sleeping for more than three hours due to her pain (A.R. 228); experiences constant pain in her lower back (*id.*); goes shopping but usually has someone help her (*id.* 239); and has difficulty doing housework for more than 30 minutes (*id.* 230).

The ALJ found that plaintiff's testimony was "generally credible, but not the extent she alleged an inability to perform any work." (A.R. 16.) The ALJ based this adverse credibility determination on: the medical evidence, which included few objective tests and no functional restrictions assessed by a treating physician; plaintiff's exertional activities, namely cooking, driving, performing light household chores, and going to the store; plaintiff's failure to pursue physical therapy, epidural injections, or participation in a pain management program; the fact that plaintiff only recently started wearing wrist braces; and plaintiff's noncompliance with some of Dr. Salwan's recommendation to pursue physical therapy. (*See* A.R. 16, 17.) Plaintiff contends that the ALJ erred because the ALJ failed to identify what specific portions of plaintiff's testimony he was discrediting and failed to articulate clear and convincing reasons for doing so.

An ALJ must make two findings before determining that a claimant's pain or symptom testimony is not credible. *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1036). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms" and those reasons must be supported by substantial evidence in the record. *Id.*; *see also Marsh v. Colvin*, 792 F.3d 1170, 1174 n.2 (9th Cir. 2015); *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (court must determine "whether the ALJ's adverse credibility finding . . . is supported by substantial evidence under the clear and convincing standard"). The ALJ must "specifically identify the testimony [from the claimant that] she or he finds not to be credible and . . . explain what evidence undermines the testimony." *Treichler*, 775 F.3d at 1102 (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)). "General findings are insufficient." *Brown-Hunter*, 798 F.3d at 755 (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)). Further, "subjective pain testimony cannot be rejected on the *sole* ground that it is not fully corroborated by objective medical evidence." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (emphasis added) (citation omitted).

Here, the ALJ found no evidence of malingering but indicated that plaintiff's impairments could reasonably be expected to the produce the pain and symptoms alleged. The ALJ then stated that plaintiff's excess pain and symptom testimony was not credible "to the extent [plaintiff] alleged an inability to work." (A.R. 16.) The ALJ proceeded to articulate specific reasons for his determination that plaintiff retained the residual functional capacity to perform light work but did not specify any portion or portions of plaintiff's testimony that he found less than fully credible. In neglecting to "specifically identify the

6

testimony" that he found not to be credible, the ALJ erred. *See Brown-Hunter*, 798 F.3d at 756; *Treichler*, 775 F.3d at 1102-03. In *Brown-Hunter*, the Ninth Circuit determined that the ALJ erred where she similarly failed to "specifically identify any . . . inconsistencies; she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination." *Brown-Hunter*, 798 F.3d at 756. The Ninth Circuit explained that, because the ALJ had failed to identify the testimony that was not credible and specify the evidence undermining those complaints, the ALJ's decision was not sufficient to permit meaningful appellate review. *See id.* at 756-57; *see also Treichler*, 775 F.3d at 1102-03. The Ninth Circuit's rationale in *Brown-Hunter* applies with equal force here, where the ALJ found that plaintiff was "generally credible" but not to the extent her testimony was inconsistent with a capacity to perform light work and failed to identify any specific portion of her testimony that was not credible.

The ALJ's error is compounded by his failure to provide legally sufficient reasons for discounting any portion of plaintiff's testimony. For example, the ALJ cited some of plaintiff's daily activities as evidence that plaintiff could perform light work, but these activities – cooking but not cutting, performing less than 30 minutes of housework, and driving to the store twice a week – are not a convincing reason for discounting portions of plaintiff's subjective symptom testimony. A claimant's daily activities bear on her credibility only if the level of activity is inconsistent with her claimed limitations. *See Reddick*, 157 F.3d at 722. Thus, an ALJ may rely on a claimant's daily activities to support an adverse credibility determination when those activities either: "contradict [claimant's] other testimony"; or "meet the threshold for transferable work skills" – that is, where the plaintiff "is able to spend a substantial part of his or her day performing household chores or other activities that are transferable to a work setting." *Orn*, 495 F.3d at 639; *Smolen v. Chater*, 80 F.3d 1273, 1284 n. 7 (9th Cir. 1996); *see also Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract

7

from her credibility as to her overall disability"). Here, however, the ALJ identified no conflict between plaintiff's daily activities and her claimed limitations, no such conflict is obviously apparent, and there is no indication that plaintiff was able to spend a substantial part of her day performing activities that are transferable to a work setting. *See also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication"). Accordingly, plaintiff's daily activities are not a convincing reason for discounting plaintiff's subjective symptom testimony.

The ALJ also cited plaintiff's failure to pursue epidural injections or a pain management program as a basis for discrediting her subjective symptom testimony. However, plaintiff testified that she was waiting for her insurance to approve her treating physician's referral to a pain management doctor for epidural injections (*see* A.R. 39; *see also id.* 306 (10/15/2012 treatment note – plaintiff's pain management referral is denied)). Accordingly, plaintiff's failure to receive epidural injections from a pain management program did not necessarily reflect negatively on the credibility of her subjective symptom complaints. *Cf. Orn*, 495 F.3d at 638 (plaintiff's failure to receive medical treatment during the period that he had no medical insurance does not support an adverse credibility finding).

For the same reason, the ALJ erred in citing plaintiff's delay in obtaining wrist braces as a basis for discounting aspects of her testimony. Plaintiff testified that she only began wearing wrist braces a month and a half before the hearing because that was when she "was finally able to afford to buy them." (A.R. 33.) Accordingly, plaintiff's delay in obtaining wrist braces was not a convincing reason supported by substantial evidence for discounting any portion of plaintiff's subjective symptom testimony.

The ALJ also indicated that his adverse credibility finding was based partly on plaintiff's failure to pursue, and comply with Dr. Salwan's recommendation to participate in,

physical therapy. (*See* A.R. 17.) However, the record is ambiguous as to whether plaintiff pursued physical therapy and, if so, why she stopped. At the hearing, the ALJ asked plaintiff if she had been recommended any type of physical therapy, and plaintiff responded "they're looking into that for me." (A.R. 32.) However, plaintiff's implication that she had not been referred to physical therapy was inconsistent with the records of her treating physician, Dr. Salwan, which showed that not only had she been referred to physical therapy but she had, in fact, attended physical therapy over the course of several months. (*See, e.g.*, A.R. 261 (10/4/2010 – plaintiff reported starting physical therapy), 262 (11/3/2010 – plaintiff reported doing well with physical therapy), 264 (12/3/2010 – plaintiff reported doing well with physical therapy scheduled for the following Monday), 270-71, 342-43 (1/28/2011 – plaintiff reported doing well with physical therapy)). On March 25, 2011, however, Dr. Salwan noted that plaintiff was "noncompliant" with her physical therapy. (A.R. 273-74, 340-41 (3/25/2011).) Six months later, on October 18, 2011, he wrote vaguely that "PT has failed PT in past." (A.R. 330.) Dr. Salwan's October 18, 2011 note is ambiguous. He could either be stating that "patient has failed physical therapy in past," which would suggest that plaintiff had failed to comply with her treatment regimen, or, alternatively, he could be stating that "*physical therapy* has failed patient in past," which would suggest that plaintiff elected not to pursue physical therapy because it did not effectively treat her symptoms. Accordingly, the record was ambiguous as to whether plaintiff pursued physical therapy and, if so, when and why she stopped, and therefore, it did not provide a clear and convincing reason supported by substantial evidence in the record for discounting some portion of plaintiff's testimony. *Cf. Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (ambiguous evidence triggers the ALJ's duty to conduct an appropriate inquiry by, for example, submitting questions to the claimant's physician).

The ALJ's sole remaining basis for discounting some portion of plaintiff's testimony was the purported lack of objective medical evidence fully corroborating plaintiff's subjective pain testimony. However, "subjective pain testimony cannot be rejected on the

9

*sole* ground that it is not fully corroborated by objective medical evidence." *Rollins*, 261 F.3d at 857. Accordingly, even if the lack of objective medical evidence is a convincing reason supported by substantial evidence for discounting aspects of plaintiff's testimony, it is not sufficient by itself to affirm the ALJ's adverse credibility determination.

Thus, the ALJ erred in failing to specifically identify the testimony he found not credible and articulate clear and convincing reasons supported by substantial evidence for discounting those portions of plaintiff's testimony. The matter must therefore be remanded for reconsideration of plaintiff's credibility in conformity with the governing legal standards.[2]

**II.  The Court Declines To Determine Whether The ALJ Fully Developed The Record.**

Because the matter must be remanded for reconsideration of plaintiff's credibility, the Court declines to reach the merits of plaintiff's other contention that the ALJ failed to fully develop the record. However, on remand, the ALJ must ensure that, before reaching any decision based on "[a]mbiguous evidence" or a record that is "inadequate to allow for proper evaluation of the evidence," he conducts an appropriate inquiry, which may include recontacting a medical source for clarification. *See Tonapetyan*, 242 F.3d at 1150 (citations omitted).

\\
\\
\\

---

[2] Plaintiff does not invoke the credit-as-true doctrine, and that doctrine does not appear to be applicable here because plaintiff's testimony, even if credited in its entirety, does not necessarily establish that she is disabled. *See Brown-Hunter*, 73 F.3d at 757-58 (stating that, a remand for immediate award of benefits is appropriate under the credit-as-true doctrine only in the rare circumstances when, *inter alia*, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." (quoting *Garrison*, 759 F.3d at 1021)). Accordingly, a remand for the award of benefits is not an appropriate remedy in this case.

**CONCLUSION**

For the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATE: October 20, 2015

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE